IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JENNINE LABUZAN                                                          PLAINTIFF

v.                                                              NO. 4:26-CV-51-RPC-JMV

UNITED STATES OF AMERICA                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On April 2, 2026, Jennine Labuzan filed a Complaint [1] against the United States pursuant to the Quiet Title Act, 28 U.S.C. § 2409a, alleging that the United States—by way of the Army Corps of Engineers—was wrongfully in possession of land that rightfully belonged to her. The United States now brings this Motion to Dismiss, or in the alternative, for Summary Judgment [7]. Labuzan's Complaint [1] alleges that she is the lineal descendant of Charles A. Labuzan (Charles). In 1840, Charles, along with Robert L. DeCoin and Fredrick W. Schmidt, received a federal land patent—Patent No. 27858. Labuzan alleges that as the lineal descendant of Charles, she has inherited the land described in Patent No. 27858 and that the United States presently claims to own 94 acres within that original land patent. Therefore, Labuzan seeks just compensation for the taking of that land [1]. The United States asks this Court to dismiss the Complaint [1] with prejudice or alternatively, grant summary judgment, because in 1848, Charles sold his interest in the subject property to the Merchants Bank of New Orleans, thereby divesting himself, his heirs and assigns of any title or claim to the land. Having reviewed the parties' filings and the relevant law, this Court hereby **DENIES** the Motion to Dismiss [7].

*Relevant Background*

Labuzan is the great-great-great granddaughter of Charles Augustus Labuzan, Sr. (Charles) [1, Exhibit C]. On December 10, 1840, Charles, Robert L. DeCoin, and Fredrick W. Schmidt

1

received Federal Land Patent No. 27858 [1, Exhibit A]. Patent No. 27858 described the land conveyed to Charles, Robert, and Fredrick as follows:

> the North West quarter and the West half of the North East quarter of Section three, Section four, and Section five, in Township fifteen, of Range eight West, in the District of lands subject to sale at Jackson, Mississippi, containing fifteen hundred and twenty acres and sixty five hundredths of an acre

[1, Exhibit A]. The three men had previously paid $1,900.81 for the land on August 11, 1836. [1, Exhibit E]. Charles, Robert, And Fredrick took ownership of the land as tenants in common [1, Exhibit A]. Labuzan's Complaint [1] alleges that "[m]y claim is that my property interest derives from that federal sovereign grant and descends by heirship through Charles A. Labuzan, one of the named patentees." [1]. Based on Labuzan's Exhibit F attached to her Complaint [1], it appears that the Army Corps of Engineers presently owns 94 acres of land described as being within Township 15 North, Range 8 West, Section 3. Labuzan claims that she "recently obtained a professional title abstract for the subject tract." [1]. A note on the first page of the title abstract stated that "There is no record of conveyance from Fredrick W. Schmidt et al or how T.P. Lundergan acquired interest." [1, Exhibit F]. The title abstract included the deeds by which the United States acquired the 94 acres at issue. Those deeds were executed in September of 1996, nearly thirty years ago. [1, Exhibit F].

The United States filed its Motion to Dismiss, or alternatively Motion for Summary Judgment [7] on June 8, 2026. It argued that Labuzan brought a similar claim for ejectment in a separate case alleging that she was the rightful owner of land once partially owned by Charles. [8]; See ***Labuzan-Delane v. Cochran & Cochran Land Co. Inc.***, No. 4:22-CV-149-SA-DAS, 2023 WL 4707398 (N.D. Miss. July 24, 2023). In that case, the district court found that Charles had conveyed his interest in the land at issue in 1848 via a valid deed executed in favor of the Merchants Bank of New Orleans. ***Id***. Although Labuzan's separate case dealt with a separate tract (or tracts)

2

of land in Washington County, the United States claims that the deed that Charles executed to the Merchants Bank of New Orleans for the land in that case is the same deed which conveyed Charles's interest in the 94 acres now at issue. Therefore, according to the United States, Labuzan could not have inherited any right or claim to the land and the case should be dismissed with prejudice, or alternatively, summary judgment should be granted.

### *Standard*

The United States seeks dismissal of Labuzan's Complaint [1] under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). When considering a motion to dismiss, the court may "also consider '[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim.'" *Sligh v. City of Conroe, Tex.*, 87 F.4th 290, 297 (5th Cir. 2023) (quoting *Villarreal v. Wells Fargo Bank, N.A.*, 84 F.3d 763, 766 (5th Cir. 2016)). Furthermore, the court may consider attachments to the defendant's motion to dismiss without converting the motion to dismiss into a motion for summary judgment if the attachment is a matter of public record. *See Md. Manor Assoc. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. Sep. 8, 2011) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

"To survive dismissal under the Rule 12(b)(6) standard, 'a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail.'" *Poston v. Wood*, No. 4:24-cv-117-DMB-JMV, 2026 WL 867505 at *2 (N.D. Miss. Mar. 30, 2026) (quoting *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)). The

3

Court "take[s] the well-pled factual allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

### *Discussion*

The United States argues that Labuzan cannot state a claim because Charles conveyed his interest in the land via a valid deed in 1848, thereby divesting himself, his heirs and assigns of any right or claim of title to the subject land. [8]. The United States attached the purported deed in which Charles conveyed the land to the Merchants Bank of New Orleans as Exhibit 2 to its Motion to Dismiss [7]. The attached deed[1] is the same deed that the district court in *Labuzan-Delane*, 2023 WL 4707398 at *4-5, found was valid and enforceable. The deed, dated March 20, 1848, states in relevant part:

> The said C. A. Labuzan for and in consideration of the sum of three thousand five hundred & forty one dollars 82/100 to [ ][2] in hand paid at & before the sealing & delivery of these presents, the receipt whereof is hereby acknowledged, hath given, granted, bargained & sold & doth by these presents give, grant, bargain & sell unto the said Merchants Bank of New Orleans its successors, representatives and assigns, *an undivided fourth part* of the following described lands lying and being in Washington County State of Mississippi [ ]: the North West quarter & the West half of the North East quarter of Section Number Three & sections four & five, all in Township Fifteen Range Eight West, containing fifteen hundred & twenty 65/100 acres.

[8, Exhibit 2] (emphasis added). Although Charles did convey some interest in the subject property, it is not clear if he conveyed the entirety of his interest. The deed states that Charles sold "an undivided fourth part." Patent No. 27585 stated that Charles, Robert and Fredrick took the land as tenants in common, therefore they each owned an undivided fractional interest in the land.

---

[1] The deed is a public record kept by Washington County. Therefore, the Court's consideration of the deed does not convert this motion to one for summary judgment. *See Md. Manor Assoc.*, 816 F. Supp. at 404 n.5; Miss. Code Ann. § 25-61-3(a), (b).
[2] These empty brackets indicate a word in the handwritten document that this Court was unable to decipher.

***United States v. Craft***, 535 U.S. 274, 279-80, 122 S. Ct. 1414, 152 L. Ed. 2s 437 (2002) ("The common law characterized tenants in common as each owning a separate fractional share in undivided property. Tenants in common may each unilaterally alienate their shares through sale or gift or place encumbrances upon these shares." (citing 1 G. Thompson, Real Property § 4.06(g) (D. Thomas ed. 1994)). However, there is nothing to suggest that Charles only owned an undivided fourth part and therefore conveyed the entirety of his interest in the land in the 1848 deed to Merchants Bank. For all the Court knows at this point, Charles could have owned up to a third, and perhaps more, depending on several factors—such as his agreement with Robert and Fredrick, and how much he put towards the purchase price. Neither the United States nor Labuzan have produced any evidence or alleged exactly how much of the subject land belonged to Charles. Without anything to suggest that Charles conveyed his entire interest, the United States has failed to carry its burden for a motion to dismiss, or alternatively, for summary judgment.

### *Conclusion*

For the reasons set forth above, the Defendant's Motion to Dismiss, or alternatively, for Summary Judgment [7] is **DENIED**. Without evidence to support that Charles conveyed the entirety of his interest in the subject land via the 1848 deed, the Court is unable to dismiss this case at this juncture.[3]

---

[3] Labuzan also filed a Motion for Judicial Notice [2], requesting that the Court take judicial notice of certain documents. In reaching its ruling, the Court has in fact taken those documents into consideration. The Court notes that the attached documents Labuzan asks the Court to take judicial notice of are not certified documents. However, neither are they in dispute. The Motion for Judicial Notice [2] need not remain pending and is hereby TERMINATED on the docket. Labuzan also filed a Motion that the Court not rely on the June 24, 2026 Rule 70 Judgment [11]. That Motion [11] requests that the Court not rely on a Rule 70 Judgment entered in a separate case, 4:22-cv-149-SA-DAS. This Court has reviewed the Rule 70 Judgment and concludes that it has no bearing on the present case as it is limited to the property at issue in 4:22-cv-149-SA-DAS. Therefore, the Court has no reason to rely on the Rule 70 Judgment and Labuzan's Motion [11] is hereby TERMINATED. Finally, the Court notes that the United States filed a Reply in Support of its Motion to Dismiss [10] on July 2, 2026. This reply was filed late, as any rebuttal was due on June 25, 2026, pursuant to Uniform Local Civil Rule 7(b)(4). Therefore, the Court did not consider the reply [10] in reaching this ruling.

SO ORDERED, this the 14th day of July, 2026.

_____
**UNITED STATES DISTRICT JUDGE**