**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JENNINE LABUZAN** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 4:26-CV-51-RPC-JMV**

**THE UNITED STATES OF AMERICA** **DEFENDANT**

**ORDER GRANTING PLAINTIFF THROUGH NOVEMBER 16, 2026, TO FILE A SUPPLEMENTAL RESPONSE TO THE PENDING DISPOSTIIVE MOTION, AND DENYING [DOCS. 25, 27] IN ALL OTHER RESPECTS**

This matter is before the court on the *pro se* Plaintiff's motion filed August 10, 2026, styled "Alternative Motion for Relief Under Federal Rule of Civil Procedure 56(d)" [Doc. 25] and, on essentially a duplicative motion she filed 11 days later, styled "Motion for Leave to Supplement the Rule 56(d) Record and to Defer Ruling Pending Personal Archival Inspection" [Doc 27]. For the reasons discussed below, to the extent these motions seek additional time, namely approximately 90 days in which to further conduct discovery before the district judge rules on the dispositive motions, they are denied as moot. To the extent the instant motions seek 20 days beyond the requested additional 90 days of discovery in which to supplement her response to the Defendant's pending dispositive motion [Doc. 20], the relief requested is granted in part. In all other respects, the motions are denied.

**Background**

The procedural status of this case is material to these rulings; accordingly, the undersigned will delineate the same below. The complaint in this matter was filed on April 2, 2026 [Doc. 1]. On July 27, 2026, the undersigned entered the Case Management Order, which set forth the following deadlines: Plaintiff's designation of experts was set for October 16, 2026; Defendant's designation of experts was set for November 16, 2026; the discovery deadline was set for January 19, 2027; and

the dispositive and Daubert motions deadline was set for February 19, 2027. The trial was noticed for August 23, 2027. On August 5, 2026, the Defendant filed a Supplemental Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment [Doc. 20]. Then, on August 10, 2026, the following occurred: (1) Plaintiff served her "first round of focused discovery" to the Defendant [Doc. 22]; (2) Plaintiff filed a response in opposition [Doc. 23] to Defendants' motion to dismiss, or in the alternative, for summary judgment; and (3) Plaintiff filed the instant "Motion for Relief Under Federal Rule of Procedure 56(d)" [Doc. 25]. Eleven days later, on August 21, 2026, Plaintiff filed substantially the same motion [Doc. 27].

On September 22, 2026, Plaintiff filed a motion to extend the CMO deadlines [Doc. 31], which was unopposed, and on September 23, 2026, the relief was granted [Doc. 33] and Plaintiff's expert designation deadline was extended through November 16, 2026, and Defendant's expert designation deadline was extended through December 16, 2026.

**Discussion**

As the above procedural history demonstrates, discovery in this case commenced on July 17, 2026, and was, and still is, set to continue through January 19, 2027. Of significance, the undersigned notes there has not been any stay of Plaintiff's right to conduct discovery during this period, and, in fact, it would appear that she has continued to conduct discovery throughout.[1] In other words, it would appear that Plaintiff's request for a 90-day period to conduct discovery before the Defendant's motion to dismiss or for summary judgment is ruled upon, is now moot: she has already had 90 days to conduct such discovery since requesting permission to do so; she has been

1 For example, after the pending dispositive motion was filed by Defendant, Plaintiff propounded discovery to it. And, according to miscellaneous passages in the instant motions (or memorandums in support thereof), she has been individually exploring through this period various archival records in order to supplement her response to the Defendant's pending dipositive motion.

conducting it; and the dispositive motion of the government remains pending. Consequently, the motion for time to conduct discovery—even had it been necessary to file since discovery has remained ongoing throughout—is now moot.

Further, following consultation with the district judge's chambers, the undersigned is authorized to advise the *pro se* Plaintiff that she shall have ten (10) days from today, or through November 16, 2026, in which to file any supplement to her opposition to the pending dispositive motion that she wishes to make. Except as expressly ruled on herein, the instant motions are otherwise denied.

**Conclusion**

For the foregoing reasons, Plaintiff is granted through November 16, 2026, to file any supplement to her opposition to the pending dispositive motion. Defendant shall have the standard seven-day reply period to file a reply, if any, to Plaintiff's supplemental response. The motions [Docs. 25, 27] are denied in all other respects.

SO ORDERED, this the 6th day of November, 2026.

*/s/ Jane M. Virden*
UNITED STATES MAGISTRATE JUDGE